# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM THOMAS BOGARD and DIGITAL OUTDOOR, LLC d/b/a LIGHTKING OUTDOOR, ) ) ) ) | |
| Plaintiffs, ) ) | No. 16 C 6065 |
| v. ) ) | Judge Jorge L. Alonso |
| WATCHFIRE SIGNS LLC f/k/a TIME-O-MATIC, INC., ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss this action as a preemptive declaratory judgment action or alternatively for improper venue. For the reasons stated below, the motion is granted. The Court declines to exercise jurisdiction over this action and dismisses it without prejudice.

Plaintiffs, William Thomas Bogard and Digital Outdoor, LLC, doing business as Lightking Outdoor ("Lightking"), filed this action on June 10, 2016, seeking a declaratory judgment that the "Confidentiality & Non-[C]ompetition Agreement" (the "Agreement") between Bogard and defendant Watchfire Signs LLC ("Watchfire") is unenforceable. Ten days after this action was filed, Watchfire filed a parallel action against Bogard and Lightking in the Central District of Illinois (the "Central District Action"). Watchfire moves for dismissal of this action.

The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts, in their discretion, to render declaratory judgments where an actual controversy. *Bell v. Taylor*, --- F.3d ----, 2016 WL 3568139, at *9 (7th Cir. July 1, 2016). No party disputes that the Court has jurisdiction over this matter. Because Watchfire sent cease-and-desist letters to Bogard and Lightking in which it threatened litigation if its demands were not met (ECF Nos. 16-1, 16-2) and the parties engaged in settlement discussions just prior to the filing of this suit, the Court is satisfied that it has subject-matter jurisdiction. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) ("The declaratory judgment plaintiff must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative."). The issue Watchfire raises is whether the Court should exercise its discretion to decline that jurisdiction.

"It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987); *see also Med. Assurance Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995)). In *Tempco*, the Court of Appeals found no error in the district court's decision to decline to hear a declaratory judgment action that was filed in anticipation of a trademark-infringement action, and stated in pertinent part:

> [T]he mere fact that Tempco filed its declaratory judgment action first does not give it a "right" to choose a forum. This circuit has never adhered to a rigid "first to file" rule. We decline Tempco's invitation . . . to adopt such a rule here. As we have noted before, "The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." "The federal declaratory judgment is not a prize to the winner of the race to the courthouse."

819 F.2d at 749-50 (footnote, citations, brackets, and some internal quotation marks omitted). Since that decision, the Court of Appeals has "expressed wariness" of suits for declaratory

judgment that are "aimed solely at wresting the choice of forum from the 'natural plaintiff.'" *Hyatt*, 302 F.3d at 718 (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993)); *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) ("[W]here the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief[,] we ordinarily give priority to the coercive action, regardless of which case was filed first."); *NUCOR Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (noting that a tactical declaratory judgment suit will normally be dismissed and the case allowed to proceed in the "usual way").

In 2009, Watchfire hired Bogard as a sales representative and entered into the Agreement with him. Watchfire alleges that after Bogard resigned from its employment on May 31, 2016 with the intent to work for Lightking, Watchfire obtained information suggesting that Bogard "may have already violated his" obligations under the Agreement or "intended to do so in the imminent future." (ECF No. 20, Watchfire's Mem. Supp. Mot. Dismiss at 4.) It then sent Bogard and Lightking the aforementioned cease-and-desist letters. On June 10, 2016, the parties' counsel engaged in telephonic settlement discussions. The same day, Bogard and Lightking filed the instant action, asking for a declaration that the Agreement is unenforceable. Plaintiffs have also filed a motion for a preliminary injunction to "[e]njoin Defendant from enforcing" the Agreement. (ECF No. 12.) On June 20, 2016, Watchfire filed the Central District Action, in which it asserts claims for breach of contract against Bogard; tortious interference with contract against Lightking; and misappropriation of trade secrets against both defendants. Watchfire seeks money damages and injunctive relief.

The Court agrees with Watchfire that this is a preemptive suit designed only to thwart Watchfire's choice of forum. Bogard and Lightking's insistence to the contrary is unpersuasive.

3

Watchfire is the "natural plaintiff." Because its headquarters are in Danville, Illinois, which is in the Central District, and Watchfire has few ties to this district, it is understandably not eager to litigate here. Furthermore, it does not appear that any of the events giving rise to this action occurred in this district. After accusing Bogard and Lightking of violating its rights, Watchfire promptly filed the Central District Action, which is an adequate parallel proceeding and, indeed, the best vehicle for resolving *all* of the disputes between the parties. The instant action addresses only the alleged breach of contract. The Central District Action obviates the need for this declaratory judgment action and its forum was chosen by the natural plaintiff, so the Court declines to exercise jurisdiction in this action. In light of this disposition, the Court need not address defendant's argument that venue is improper in this district.

Defendant's motion to dismiss in favor of a pending substantive action [19] is granted. This action is dismissed without prejudice to plaintiffs' assertion of their claims in the Central District Action.

**SO ORDERED.**  **ENTERED:   July 21, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**